# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MARSHUN RUTHELL FIELDS,**

**Plaintiff,**

**v.** **Case No. 26-CV-1447**

**FROEDTERT HOSPITAL,**

**Defendant.**

---

## REPORT AND RECOMMENDATION

---

Plaintiff Marshun Ruthell Fields, who was previously incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On October 14, 2026, the court screened Fields's complaint and found that it failed to state a claim upon which relief may be granted. (ECF No. 7.) However, the court gave Fields an opportunity to amend his complaint. On November 12, 2026, Fields filed an amended complaint. (ECF No. 10.)

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall therefore randomly assign this matter to a district judge for consideration of the recommendations outlined below.

## REPORT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state

law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Fields's Allegations and Analysis*

Fields alleges that Froedtert Hospital committed medical malpractice when they botched two surgeries to remove bullet fragments from his mouth. (ECF No. 10 at 2-3.) When the court screened Fields's original complaint, it informed Fields that he could not proceed on a claim against Froedtert Hospital because § 1983 allows claims only against people and Froedtert Hospital is not a person. (ECF No. 7 at 3-4.) The court instructed Fields that, if he filed an amended complaint, he must name individual staff members at Froedtert Hospital who allegedly violated his constitutional rights. (*Id.*) The court further explained that, if Fields did not know the name of the individuals, he could use Doe placeholders. (*Id.*)

Fields did not follow this advice and retained Froedtert Hospital as the defendant. As such, he does not state a claim upon which relief may be granted. The court also notes that a malpractice claim is a state law claim. The court will only accept supplemental jurisdiction over a state law malpractice claim if Fields stated a viable § 1983 claim and the malpractice claim is "so related to claims in the action" over which the court has "original jurisdiction that they form part of the same case

or controversy under Article III of the United State Constitution." 28 U.S.C. §1367(a).

**IT IS THEREFORE RECOMMENDED** that the case be dismissed for failure to state a claim upon which relief may be granted and judgment entered accordingly.

**IT IS FURTHER RECOMMENDED** that Fields incur a strike under 28 U.S.C. § 1915(g);

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 24th day of November, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge